**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 6, 2006[*]
Decided October 5, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-2110

| | |
|---|---|
| CHANG S. LU, *Petitioner*, | On Petition for Review of an Order of the Board of Immigration Appeals |
| *v.* | No. A77-297-836 |
| ALBERTO R. GONZALES, *Respondent*. | |

**O R D E R**

Chang Sheng Lu fled China and attempted to enter the United States at the airport in Los Angeles, California in March 2000. The Immigration and Naturalization Service initiated removal proceedings and Lu conceded removability. But Lu claimed that he feared persecution under China's family planning laws, and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). After a hearing, the Immigration Judge determined that Lu had not met his burden of establishing past persecution or a well-founded fear of future persecution because his testimony was not credible. The IJ denied Lu's

---

[*] On December 6, 2005, we granted the petitioner's motion to waive oral arguments. Therefore, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 43(f).

requests for relief and ordered him removed from the United States; the Board of Immigration Appeals affirmed without opinion. Lu argues that the IJ's credibility finding is not supported by substantial evidence. We deny his petition.

Upon arriving in Los Angeles without valid immigration documents, Lu, through an interpreter, spoke with an immigration inspector and swore under oath that he fled China's Fujian province because he was fired from his job, he did "not have money or power," and he could not "compete with the other people." When asked whether he had any fear or concern about being returned to China, Lu stated that he might face financial penalties, and had heard that people who are returned usually get beat up.

Five months later, Lu applied for asylum and altered his account. He stated that in China he and his girlfriend had conceived an illegitimate child and that he helped her escape detection by family planning officials. Since coming to the United States, he learned that the authorities tracked down his girlfriend and forced her to have an abortion.

At his hearing before the IJ, Lu again revised his account by adding a description of an altercation he had with authorities. This time he said that he and his girlfriend went into hiding after first being approached by family-planning officials. Eventually, officials found them on a visit to her parents, and he testified that he sustained minor injuries while fighting with the officials to protect his girlfriend and unborn child. Despite his efforts, his girlfriend was taken away and he learned before leaving the country that she was forced to have an abortion. Lu acknowledged that this testimony contradicted the sworn statement he gave at the airport, but he explained that he had been intimidated by the immigration inspector and did not want to admit that he had violated Chinese marriage and family planning laws.

To corroborate his forced-abortion claim, Lu submitted two letters. The first letter, from his girlfriend, did not mention the abortion, but stated that her "health has gradually recovered after the several months of rest and recuperation" after the "development of events" that were "beyond expectation." Lu also submitted a letter from a friend stating that his girlfriend was emotionally unstable after the forced abortion.

The IJ denied Lu's application for asylum, withholding of removal, and relief under CAT, in large part because Lu was not credible and so he had not met his burden of proving past persecution. The IJ based her adverse credibility finding on three reasons: first, in Lu's airport interview he did not mention his girlfriend's forced abortion or his altercations with family planning officials; second, his asylum application and hearing testimony conflicted as to the dates when he began living

with his girlfriend and when they learned she was pregnant; and third, his asylum application did not mention his altercation with family planning officials or the injury he sustained. The IJ also concluded that Lu's corroborating evidence was not sufficient to demonstrate persecution. And even if Lu were credible, the IJ added, 8 U.S.C. § 1101(a)(42)(B) did not provide protection for unmarried men whose girlfriends are forced to undergo abortions under China's family-planning laws.

On appeal, Lu challenges principally the IJ's second reason for the adverse credibility finding. He disputes that he provided inconsistent information regarding the dates he gave for when he started living with his girlfriend. He asserts that his hearing testimony addressed the date when his girlfriend began staying with him overnight, but his asylum application specified the date when she actually started living in his dorm. He also contends that the IJ ascribed too much weight to the inconsistent dates he gave for when he learned that his girlfriend was pregnant; he says now that these dates were only approximations.

Credibility determinations must be based on "specific cogent reasons" that have a "legitimate nexus to the finding." *Giday v. Gonzales*, 434 F.3d 543, 550 (7th Cir. 2006). Although minor inconsistencies are not a proper basis for an adverse credibility determination, *Uwase v. Ashcroft*, 349 F.3d 1039, 1043 (7th Cir. 2003), we will uphold an IJ's determination when the discrepancies go to the "heart" of the applicant's claim, *Capric v. Ashcroft*, 355 F.3d 1075, 1090 (7th Cir. 2004). If the IJ finds the petitioner's testimony not to be credible, then the applicant must come forward with a convincing explanation of the discrepancies or credible corroborating evidence. *Jamal-Daoud*, 403 F.3d at 922.

Here, even if Lu is correct that the IJ should not have relied on the second reason for her adverse credibility finding, he does not attempt to explain the other two key discrepancies that formed the basis for the IJ's finding. First, Lu never accounts for the inconsistency between his sworn statement at the airport asserting that he left China for financial reasons and his hearing testimony that he fled to escape family-planning officials. An IJ may properly consider statements made at an airport interview as long as they are reliable. *Jamal-Daoud*, 403 F.3d at 923; *Balogun v. Ashcroft*, 374 F.3d 492, 504 (7th Cir. 2004). Second, Lu never explains why he failed in his asylum application to mention his altercation with family-planning officials. These discrepancies are not minor, and they go to the "heart" of Lu's claim. Because the IJ found Lu's testimony incredible, he was obligated to come forward with more. But as the IJ properly concluded, the letters that Lu introduced as documentary evidence were insufficient to support his claim of past persecution.

Lu also challenges the IJ's ruling that 8 U.S.C. § 1101(a)(42)(B) does not protect the unmarried men whose girlfriends are forced to have an abortion under

China's family-planning laws. Section 1101(a)(42)(B) provides protection for anyone who has "has been forced to abort a pregnancy or to undergo involuntary sterilization" or who has been "persecuted for failure or refusal to undergo such a procedure." In addition, "past persecution of one spouse can be established by coerced abortion or sterilization of the other spouse." *Matter of C-Y-Z-*, 21 I. & N. Dec. 915, 917 (BIA 1997). But Lu has not claimed that he was married to his girlfriend or that they engaged in any sort of marriage ceremony. *See Zhang v. Gonzales*, 434 F.3d 993, 999 (7th Cir. 2006) (holding couples who engage in traditional marriage ceremony are considered spouses for purposes of asylum, even if marriage is not recognized by Chinese government). Because § 1101(a)(42)(B) has not been expanded to include boyfriends of women who were forced to have an abortion, Lu cannot establish past persecution based on his girlfriend's abortion. *See Zhu v. Gonzales*, ___ F.3d ___ , 2006 WL 2788499 *3-4 (7th Cir. Sept. 29, 2006).

The petition for review is DENIED.