NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 21, 2013[*]
Decided March 12, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-2843

| | |
|---|---|
| CHANG S. LU, | Petition for Review of an Order of the |
| *Petitioner,* | Board of Immigration Appeals. |
| | |
| *v.* | No. A077-297-836 |
| | |
| ERIC H. HOLDER, JR., Attorney | |
| General of the United States, | |
| *Respondent.* | |

**O R D E R**

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Chang Sheng Lu, a citizen of China, seeks review of an order of the Board of Immigration Appeals denying his motion to reopen his asylum proceedings. We conclude that the Board did not abuse its discretion and deny the petition for review.

Lu fled China and attempted to enter the United States at the airport in Los Angeles, California, in 2000. Removal proceedings were initiated against Lu, who conceded removability but applied for asylum, withholding of removal, and relief under the Convention Against Torture. Lu claimed that he feared persecution under China's family planning laws because he had tried to help his girlfriend in China, with whom he had conceived an illegitimate child, escape detection by family planning officials. After a hearing, an immigration judge determined that Lu had not met his burden of establishing past persecution or a well-founded fear of future persecution, denied his requests for relief, and ordered him removed. The Board affirmed on April 5, 2005, and we denied Lu's subsequent petition for review. *See Lu v. Gonzales*, No. 05-2110, 199 Fed. Appx. 552 (7th Cir. 2006) (unpublished).

On August 30, 2010, more than five years after the Board's final order of removal, Lu filed a motion to reopen his asylum proceedings. Lu asserted that he would face persecution in China based on his Christian faith, to which he had converted in 2010, and that he would be harmed for violating China's family planning laws because he had become the parent of two U.S.-citizen children. The Board determined that Lu failed to establish a material change in country conditions and denied the motion as untimely on May 3, 2011.

On November 7, 2011, Lu filed another motion to reopen, asserting that new evidence demonstrated changed country conditions in China related to his claims of fear of religious persecution and the enforcement of China's family planning laws. The Board denied Lu's second motion to reopen as untimely and numerically barred on July 19, 2012, concluding once again that Lu had not established that circumstances in China had materially changed since the time of his final hearing so as to excuse the time and numerical limitations on his motion to reopen.

It is the Board's July 19, 2010 order denying Lu's motion to reopen that is the subject of Lu's current petition for review. In general, an alien may file only one motion to reopen and that motion must be filed within ninety days of entry of the Board's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). These limits do not apply, however, to a motion to reopen "based on changed country conditions . . . if the evidence [of the changed conditions] is material and was not available and could not have been discovered or presented at the previous hearing." *Id.* at 240 (citing 8 U.S.C. § 1229a(c)(7)(C)(ii)). We review the Board's decision not to reopen an asylum claim under the deferential abuse of discretion standard. *See Pelinkovic v. Ashcroft*, 366 F.3d 532, 536 (7th Cir. 2004) (citations omitted). We will uphold the

Board's decision to deny Lu's motion to reopen "unless it was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular group or race." *Zheng v. Holder*, 701 F.3d 237, 241 (7th Cir. 2012) (quoting *Mansour v. I.N.S.*, 230 F.3d 902, 907 (7th Cir. 2000)).

Lu argues that the Board abused its discretion in determining that his motion to reopen did not fall within the "changed country conditions" exception of 8 C.F.R. § 1003.2(c)(2). We disagree. First, the Board correctly noted that both of Lu's purported claims for asylum—his adoption of the Christian faith and the birth of his two children—arose from changes in his personal circumstances since his last hearing. Such changes in personal conditions do not trigger the statutory exception for otherwise barred motions to reopen. *See Liang v. Holder*, 626 F.3d 983, 988 (7th Cir. 2010) ("While a change in *country* conditions can warrant reopening removal proceedings after the 90-day time limit has expired, a change in the applicant's *personal* conditions will not.").

Second, the Board did not abuse its discretion in determining that the evidence Lu submitted failed to demonstrate a material change in conditions in China since 2003. Although Lu argues that the Board selectively ignored evidence in determining that Lu failed to submit comparable evidence for conditions as they stood in 2003, the time of his last hearing, we find that the Board's thorough discussion of the evidence here was sufficient for our review. In exercising its discretion, the Board must consider the applicant's evidence, but it need not provide a detailed discussion of each piece. *Iglesias v. Mukasey*, 540 F.3d 528, 531 (7th Cir. 2008). Instead, "[i]t is merely required to consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Liang*, 626 F.3d at 992 (internal quotation marks and citation omitted). We are satisfied that the Board has done so here.

Finally, Lu has not persuaded us that the Board erred in rejecting or giving limited weight to documents Lu submitted that the Board concluded were not authentic or genuine evidence of conditions in China. Notably, the Board concluded that even if it considered the documents that were not properly authenticated, Lu still failed to demonstrate the existence of material, changed conditions in China regarding the persecution of Christians or the enforcement of its family planning laws since 2003. We do not find that this conclusion was an abuse of discretion. Accordingly, Lu's petition for review is **DENIED**.