SUMMARY ORDER

Petitioner Jian Xing Huang, a native and citizen of the People’s Republic of China, seeks review of a May 29, 2008 order of the BIA denying his motion to reopen. In re Jian Xing Huang, No. A070 903 598 (B.I.A. May 29, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). There is no dispute that Huang’s motion to reopen was untimely and number-barred where it was his third motion and was filed more than five years after the agency issued a final order of removal in his proceedings. See 8 C.F.R. § 1003.2(c)(2).
There are no time and numerical limitations for filing a motion to reopen, however, if it is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(h). Huang argues that the BIA abused its discretion in finding that he failed to demonstrate such conditions where mistranslations of the 2001 Fujian Province Population and Family Planning Law (“2001 Law”) relied on in the the U.S. Department of State 2007 report, China: Profile of Asylum Claims and Country Conditions were the functional equivalent of changed country conditions. However, a review of the alleged translation errors demonstrates that the purportedly corrected translations do not materially alter the meaning of the country conditions evidence by demonstrating a risk of forced sterilization. Therefore, the BIA did not abuse its discretion in concluding that the purported translation errors did not demonstrate material changed country conditions excusing the time and numerical limitations applicable to Huang’s motion. See 8 C.F.R. § 1003.2(c)(3)(h); see also INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
We also reject Huang’s due process challenge. Huang has no due process right in seeking a discretionary grant of a motion to reopen. Cf. Yuen Jin v. Mukasey, 538 F.3d 143, 156-57 (2d Cir.2008) (holding that “an alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum”); see also Gomez-Palacios v. Holder, 560 F.3d 354, 361 n. 2 (5th Cir.2009); Iglesias v. Mukasey, 540 F.3d 528, 531 (7th Cir.2008). Huang has remained in this country illegally for at least nine years. In that time he has filed, and had adjudicated, an asylum application, three motions to reopen, and, now, three petitions for review. He has received ample process. See Yuen *720 Jin, 538 F.3d at 157; see also Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).