QUANG LI, a.k.a. Qiang Li, Petitioner,

v.

Eric H. HOLDER Jr., United States Attorney General,* Respondent.

Nos. 07–5202–ag (L), 08–3912–ag (Con).

United States Court of Appeals,
Second Circuit.

Sept. 30, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Francis W. Fraser, Senior Litigation Counsel; Timothy Bo Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, and GERARD E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Petitioner Quang Li, a native and citizen of the People's Republic of China, seeks review of: (1) the October 25, 2007 order of the BIA denying his third motion to reopen; and (2) the July 24, 2008 order of the BIA denying his fourth motion to reopen. *In re Quang Li,* No. A072 365 958 (B.I.A. Oct. 25, 2007); *In re Quang Li,* No. A072 365 958 (B.I.A. July 24, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). There is no dispute that Li's April 2007 and March 2008 motions to reopen were untimely where the BIA entered a final administrative order dismissing his appeal in May 1996. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered). There are no time limitations for filing a

motion to reopen, however, if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

### I. Dkt. No. 07–5202–ag (L)

 The BIA did not abuse its discretion in denying Li's third motion to reopen because it reasonably found that he failed to proffer material evidence in support of that motion. Li was previously found not credible in his underlying proceeding, and his changed country conditions argument was supported only by an unauthenticated subpoena. In such circumstances, the BIA does not err in refusing to credit the movant's evidence. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147–48 (2d Cir. 2007) (finding that the agency may properly conclude that a prior adverse credibility determination undermines the authenticity of documentary evidence accompanying an alien's motion to reopen); *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (holding that a "finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner"); 8 C.F.R. § 1003.2(c)(1); *see also INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

### II. Dkt. No. 08–3912–ag (Con)

 The Government has moved for summary affirmance of the BIA's denial of Li's fourth motion to reopen. Construing that motion as seeking summary denial of the petition for review, we grant the motion. The BIA did not err in finding that Li failed to demonstrate changed country conditions excusing the time limitation for filing his fourth motion to reopen where he failed to submit any evidence in support of that motion. *See Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904 (finding that the BIA does not abuse its discretion in denying a motion to reopen when the movant has not introduced previously unavailable, material evidence). We note that the translation errors which Li argues constitute the "functional equivalent" of changed country conditions, would not materially alter the meaning of the evidence Li described-evidence the BIA has considered time and again. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006).

 To the extent Li alleges a due process violation, he has no due process right in seeking a discretionary grant of a motion to reopen. *Cf. Yuen Jin v. Mukasey,* 538 F.3d 143, 156–57 (2d Cir.2008) (holding that "an alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum"); *see also Gomez–Palacios v. Holder,* 560 F.3d 354, 361 n. 2 (5th Cir.2009); *Iglesias v. Mukasey,* 540 F.3d 528, 531 (7th Cir.2008). Li has remained in this country illegally for almost seventeen years. In that time he has filed, and had adjudicated, an asylum application and four motions to reopen. He has received ample process. *See Yuen Jin,* 538 F.3d at 157; *see also Wei Guang Wang,* 437 F.3d at 273–74. Accordingly, Li's petition for review is meritless and summary disposition in this case is appropriate. *See Pillay v. INS,* 45 F.3d 14, 16–17 (2d Cir.1995) (per curiam).

For the foregoing reasons, the petition for review in Dkt. No. 07–5202–ag (L) is DENIED. In Dkt. No. 08–3912–ag (Con), Respondent's motion for summary affirmance (construed by the Court as a motion for summary denial) is GRANTED and

the petition for review is DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).