08-5654-ag
Apetyonok v. Holder

BIA
A078 716 256

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of December, two thousand nine.

PRESENT:
> ROBERT D. SACK,
> BARRINGTON D. PARKER,
> REENA RAGGI,
> > *Circuit Judges.*

_____

SVETLANA VYACHESLAVOVNA APETYONOK,
> _____*Petitioner*,

v.                                          08-5654-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[*]
> *Respondent.*

_____

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** Alexander J. Segal, The Law Offices of Grinberg & Segal, P.L.L.C., New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Jeffrey R. Meyer, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Svetlana Vyacheslavovna Apetyonok, a native and citizen of Belarus, seeks review of the October 27, 2008 order of the BIA denying her motion to reopen. *In re Svetlana Vyacheslavovna Apetyonok*, No. A078 716 256 (B.I.A. Oct. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d

138, 169 (2d Cir. 2008).  An alien seeking to reopen proceedings must file her motion to reopen no later than 90 days after the date on which the final administrative decision was rendered.  *See* 8 C.F.R. § 1003.2(c)(2).

In this case, it is undisputed that Apetyonok's June 2008 motion was untimely inasmuch as the BIA issued a final order of removal in July 2005.  *See id.*  However, there is no time limit for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).  The BIA reasonably found that Apetyonok's motion to reopen did not qualify for such an exception.

Contrary to Apetyonok's argument, the BIA considered the country conditions evidence in the record and adequately indicated the basis for its determination that conditions for political activists had not significantly worsened in Belarus.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006)(citing *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n.13 (2d Cir. 2006)).  Indeed, the BIA

3

reasonably found that the country conditions evidence in the record indicated that conditions in Belarus remained poor for political activists, but did not demonstrate that conditions had materially worsened since the time of Apetyonok's hearing before the Immigration Judge. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006). Moreover, Apetyonok's reliance on *Serafimovich v. Ashcroft*, 456 F.3d 81 (2d Cir. 2006), and *Poradisova v. Gonzales*, 420 F.3d 70 (2d Cir. 2005), is misplaced because those cases concern country conditions in Belarus during different time periods than the one at issue here. Because we find that the BIA did not err in finding that Apetyonok did not demonstrate a material change in country conditions, we need not reach Apetyonok's argument that the BIA erred in finding that she was not *prima facie* eligible for relief from removal. *See* 8 C.F.R. § 1003.2(c)(2),(3).

Finally, we reject Apetyonok's due process challenge because she has no due process right in seeking a discretionary grant of a motion to reopen. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156-57 (2d Cir. 2008); *Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009); *Iglesias*

4

*v. Mukasey*, 540 F.3d 528, 531 (7th Cir. 2008).  In any event, Apetyonok received ample process.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____
