08-2477-ag
Wang v. Holder

BIA
A077 008 441

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of January, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> PIERRE N. LEVAL,
> REENA RAGGI,
>     *Circuit Judges*.

---

FENG QING WANG,
> *Petitioner*,

    v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[*]
> *Respondent*.

08-2477-ag
NAC

---

FOR PETITIONER:    Norman Kwai Wing Wong, New York, New York.

---

    [*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Gregory G. Katsas, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Hillel R. Smith, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Feng Qing Wang, a native and citizen of the People's Republic of China, seeks review of an April 30, 2008 order of the BIA denying her motion to reopen. *In re Feng Qing Wang*, No. A077 008 441 (B.I.A. Apr. 30, 2008). We review the BIA's denial of Wang's motion to reopen for abuse of discretion.[1] *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). In doing so, we assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only to the extent necessary to explain our decision.

---

[1] Because Wang did not timely petition for review of the August 8, 2001 order of the BIA dismissing as moot her appeal from an immigration judge's denial of asylum, withholding of removal, and relief under the United Nations Convention Against Torture, our review is limited to the BIA's decision not to reopen Wang's removal proceedings.

There is no dispute that Wang's February 2008 motion to reopen was untimely, as the IJ's order of removal became final in August 2001. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered). The time period for filing a motion to reopen may be equitably tolled, however, where an alien claims ineffective assistance of counsel. *See Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008). To establish entitlement to such tolling, an alien must demonstrate, *inter alia*, that she exercised due diligence in pursuing her claim. *Id.* at 131-32 (providing that an alien is required to demonstrate "due diligence" in pursuing her claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed.").

Because Wang does not claim to have taken any action in her removal proceedings between the BIA's August 2001 dismissal of her appeal from the IJ's order of removal and her 2007 request for her immigration file, the BIA concluded that she failed to prove that she exercised due diligence in pursuing reopening of her removal proceedings. On this

3

record, we cannot conclude that the denial of Wang's motion to reopen was an abuse of the BIA's discretion. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007); *Cekic v. INS*, 435 F.3d 167, 171-72 (2d Cir. 2006).

Equally unavailing is Wang's challenge to the BIA's finding that she failed to demonstrate changed country conditions sufficient to excuse the untimely filing of her motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (providing that there is no time limit for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing"). While the births of her U.S. citizen children may constitute a change in personal circumstances, they do not constitute a change in country conditions.[2] *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

---

[2] As Wang's brief does not address the BIA's finding that she failed to demonstrate changed country conditions related to her claim based on religion, any challenge to that finding is deemed waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

Furthermore, we have previously reviewed the BIA's consideration of documentary evidence similar to that submitted by Wang and found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or a reasonable possibility of persecution. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169-73 (2d Cir. 2008).

Although Wang further submits that her due process rights were violated by her lack of opportunity to pursue asylum on account of her fear of persecution as a Catholic, this argument is also without merit. Wang has no liberty or property interest in seeking a discretionary grant of leave to reopen. *Cf. Yuen Jin v. Mukasey*, 538 F.3d 143, 157 (2d Cir. 2008) (holding that "an alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum"); *see also Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009); *Iglesias v. Mukasey*, 540 F.3d 528, 531 (7th Cir. 2008). In any event, she has received ample process. Prior to her motion to reopen, Wang filed and had adjudicated an

5

asylum application in which she identified herself as a Catholic but chose not to seek relief on that ground. *See Yuen Jin*, 538 F.3d at 157.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____