09-3163-ag
Lin v. Holder

BIA
A072 473 979

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of July, two thousand ten.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges.*

———————————————————————————————————

YI QUO LIN, a.k.a. ZI GUO LIN, a.k.a. YI GUO LIN,
> *Petitioner,*

v.                                        09-3163-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

———————————————————————————————————

FOR PETITIONER:        Joe Zhenghong Zhou, Flushing, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Claire L. Workman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yi Quo Lin, a native and citizen of the People's Republic of China, seeks review of the June 29, 2009, order of the BIA denying his motion to reopen. *In re Lin*, No. A072 473 979 (B.I.A. June 29, 2009). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened and only one such motion may be filed. 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lin's third motion to reopen, filed in December 2008, was both numerically barred and untimely. *See id.*

The BIA did not abuse its discretion in declining to equitably toll the time period for Lin to file his motion to reopen because he failed to demonstrate that he exercised due diligence in pursuing reopening of his removal

2

proceedings. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006); *see also Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008). In fact, Lin does not claim to have taken any action in his removal proceedings for more than four years between the BIA's June 2001 denial of his first motion to reopen and April 2006, when he contacted his current counsel. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

Although Lin expresses his claim as a violation of his due process rights, we note that he has no due process right in seeking a discretionary grant of a motion to reopen. *Cf. Yuen Jin v. Mukasey*, 538 F.3d 143, 156-57 (2d Cir. 2008) (holding that "an alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum"); *see also Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009); *Iglesias v. Mukasey*, 540 F.3d 528, 531 (7th Cir. 2008). Regardless, Lin has filed and had adjudicated an asylum application and three motions to reopen, two of which raised his ineffective assistance of counsel claim, and has thus received ample process. *See Yuen Jin*, 538 F.3d at 157.

3

Finally, because Lin does not challenge the BIA's findings that: (1) he failed to offer new evidence supporting his claim that his wife underwent a forced sterilization; (2) he did not establish changed country conditions in China; (3) it does not have jurisdiction over his pending application for adjustment of status; and (4) he failed to show that *sua sponte* reopening of his proceedings was warranted, we do not address those portions of the BIA's opinion.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4