**FU XING YU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–0067–ag.

United States Court of Appeals, Second Circuit.

Jan. 18, 2007.

Vlad Kuzmin, Kuzmin & Associates, New York, New York, for Petitioner.

David E. O'Meilia, United States Attorney for the Northern District of Oklahoma, Neil B. Kirkpatrick, Assistant United States Attorney, Tulsa, Oklahoma, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Fu Xing Yu, a citizen of China, seeks review of a December 13, 2005 order of the BIA, denying Yu's motion to remand and affirming the April 26, 2004 decision of Immigration Judge ("IJ") Patricia A. Rohan, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fu Xing Yu,* No. A 95 429 259 (BIA Dec. 13, 2005), *aff'g* No. A 95 429 259 (Immig. Ct. N.Y. City Apr. 26, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ In her decision, the IJ denied Yu relief because Yu failed to provide corroboration of her testimony. Yu argues in her brief to this Court that evidence in the record directly corroborates her testimony, and that through her testimony and objective evidence, she demonstrated that she would suffer torture at the hands of the government if she is removed to China. Yu's arguments have no merit. The IJ satisfied the requirements set forth in *Diallo v. INS,* 232 F.3d 279, 290 (2d Cir. 2000), by explaining why it was reasonable for Yu to submit evidence corroborating the material portions of her claim and why her explanations for failing to submit such corroboration were insufficient. As a result, the IJ's findings were supported by substantial evidence in the record.

■ Because Yu was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Because the IJ reasonably found that Yu's presentation of evidence was insufficient to show future harm, her finding that Yu did

not meet the standard required for a CAT claim was also supported by substantial evidence.

■ We review the BIA's denial of a motion to remand for an abuse of discretion. *See Correa v. Thornburgh,* 901 F.2d 1166, 1174 (2d. Cir.1990). We find such an abuse only "where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted). The BIA was reasonable in its determination that Yu's and her husband's mere attestations in their affidavits that their marriage was *bona fide* were insufficient to show, by clear and convincing evidence, the *bona fide* nature of their marriage. *See Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253 (BIA 2002) (noting that a properly filed motion to reopen for adjustment of status based on a marriage may be granted where, among other things, the alien presents clear and convincing evidence indicating a strong likelihood the marriage is *bona fide* ).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.