In the

# United States Court of Appeals

## For the Seventh Circuit

————————

No. 07-2910

RAUL E . IGLESIAS,

*Petitioner*,

*v.*

MICHAEL B. MUKASEY, Attorney General
of the United States,

*Respondent*.

————————

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A96-166-433

————————

ARGUED MAY 8, 2008—DECIDED AUGUST 22, 2008

————————

Before MANION, EVANS, and WILLIAMS, *Circuit Judges*.

WILLIAMS, *Circuit Judge*. Petitioner Raul Eduardo Iglesias
claims the Board of Immigration Appeals ("BIA") abused
its discretion when it denied Iglesias's motion to reopen
his immigration case because it completely ignored the
evidence he presented regarding his marriage to an
American citizen. Although we generally lack jurisdiction
over claims that the BIA abused its discretion in denying

a motion to reopen, *see Kucana v Mukasey*, No. 07-1002, 2008 WL 2639039, at *3 (7th Cir. July 7, 2008), we conclude that Iglesias's allegation (if true) necessarily implies that the BIA committed a legal error, which is something this court can review. *See Huang v. Mukasey*, Nos. 07-2961 *et al.*, 2008 WL 2738067, at *4 (7th Cir. July 15, 2008); *see also* 8 U.S.C. § 1252(a)(2)(D). However, we deny Iglesias's petition because the alleged legal error, ignoring evidence of his marriage, was harmless.

## I. BACKGROUND

Iglesias is a 52-year-old citizen and native of Colombia. On July 19, 2002, Iglesias came to the United States on a non-immigrant visitor visa and was authorized to stay until January 17, 2003. On that deadline, he applied for political asylum, claiming he was an agricultural specialist whose life would be in danger if he were sent back to Colombia.

On February 25, 2003, the Department of Homeland Security ("DHS") issued a Notice to Appear and began removal proceedings against Iglesias. On November 23, 2005, an immigration judge ("IJ") held a hearing on Iglesias's applications for asylum, withholding of removal, and protection under the United Nations Convention Against Torture. The following month, the IJ denied the requested relief and ordered Iglesias to be removed to Colombia. Iglesias timely appealed to the BIA.

While his appeal was pending, Iglesias married Marie Diaz, a United States citizen, on August 18, 2006. Four

months later, she filed an I-130 immediate relative petition on behalf of Iglesias to allow him to remain in the country. DHS scheduled the couple to be interviewed in June 2007 on the petition.

Before the interview could occur, however, the BIA dismissed Iglesias's appeal on April 27, 2007. Iglesias did not petition us for review of the BIA's order. Instead, Iglesias moved to reopen his removal proceedings based on the BIA's decision in *Matter of Velarde*, 23 I&N Dec. 253 (BIA 2002), which allows certain aliens to receive an adjustment of status based on marriage to an American citizen. Iglesias submitted numerous documents in support of his motion to show that he was married to Marie and that his marriage was bona fide (a requirement under *Velarde*). DHS opposed Iglesias's motion.

In a one-page decision, the BIA agreed with DHS that Iglesias had not presented "clear and convincing" evidence to show that his marriage was bona fide. The decision did not mention any of the evidence that Iglesias had presented. Iglesias then filed this petition for review.

## II. ANALYSIS

### A. Jurisdiction exists because of an implied legal error.

Iglesias argues that the BIA abused its discretion in denying his motion to reopen because it completely ignored the evidence he presented, as demonstrated by the lack of reasoned analysis in its decision. Recently, we held that the REAL ID Act of 2005 stripped this court of jurisdiction over "discretionary reopening decisions" made

by the BIA. *See Kucana*, 2008 WL 2639039, at *3. But *Kucana* also reiterated that the REAL ID Act permits "discretionary decisions [to] be reviewed when they entail 'constitutional claims or questions of law . . . .'" *See id.* (quoting 8 U.S.C. § 1252(a)(2)(D)). So we can review Iglesias's petition only if he has raised an argument that the BIA committed a constitutional or legal error. *Compare Huang*, 2008 WL 2738067, at *4 (exercising jurisdiction, though ultimately denying relief, in cases where petitioners raised arguments that the BIA might have legally erred in denying motions to reopen), *with An Na Huang v. Mukasey*, 525 F.3d 559, 563 (7th Cir. 2008) (declining jurisdiction over an asylum claim where a petitioner mischaracterized a factual finding as a legal error).

We first note that Iglesias does not phrase his arguments in terms of "constitutional claims or questions of law"; instead, his brief argues only that the BIA "abused its discretion." Iglesias submitted his briefs before we decided *Kucana*, which abrogated earlier precedent indicating that we generally had jurisdiction to review denials of motions to reopen. *See Singh v. Gonzales*, 404 F.3d 1024, 1026-27 (7th Cir. 2005) (overruled in part by *Kucana*). Now that *Kucana* is the law, the question is whether we can review Iglesias's arguments even though he labeled them under the "abuse of discretion" category.

*Kucana* itself suggests the answer. It implies that even when a petitioner phrases all of his arguments in terms of "abuse of discretion" (which is exactly what the petitioner in *Kucana* did), we can review an argument that necessarily implicates a claim of legal error, such as an

allegation that the BIA failed to exercise discretion at all by completely ignoring an argument. *See Kucana*, 2008 WL 2639039, at *4 ("The Board must exercise discretion; only when it has done so is its decision sheltered [from our review]."). So a claim labeled as challenging an abuse of discretion might also encompass a genuine claim of legal error, just as a legal or constitutional claim might disguise what is in reality just a factual allegation. *See Vasile v. Gonzales*, 417 F.3d 766, 768 (7th Cir. 2005) (rejecting petitioner's attempt to "shoehorn" a factual claim into the "question of law" category). Here, we must determine whether Iglesias's allegation that the BIA completely ignored the evidence he presented necessarily implicates a claim of constitutional or legal error.

Any plausible constitutional claim would be grounded in due process. Because we have held that "a petitioner has no liberty or property interest in obtaining purely discretionary relief," such as the reopening of a case, Iglesias's due process rights were not implicated here. *See Hamdan v. Gonzales*, 425 F.3d 1051, 1061 (7th Cir. 2005); *see also Cevilla v. Gonzales*, 446 F.3d 658, 662 (7th Cir. 2006).

Nonetheless, a claim that the BIA has completely ignored the evidence put forth by a petitioner is an allegation of legal error. We assumed without deciding in *Kucana* that "ignoring a potentially dispositive issue is an error of law that would allow review under [the REAL ID Act]." *Kucana*, 2008 WL 2639039, at *4; *see also Kebe v. Gonzales*, 473 F.3d 855, 857 (7th Cir. 2007) ("[A]lthough the BIA does not have to write an exegesis on every contention, it must consider the issues raised, and announce its decision in

terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (internal quotation marks omitted)). We have since held that a "failure to exercise discretion or to consider factors acknowledged to be material to such an exercise"—such as the "wholesale failure to consider evidence"—would be an error of law for purposes of reviewing a motion to reopen. *See Huang*, 2008 WL 2639039, at \*1 (second quotation from *Hanan v. Mukasey*, 519 F.3d 760, 764 (8th Cir. 2008)). And we fail to see how the BIA can make a reasoned decision denying a motion to reopen if it completely ignores the evidence that a petitioner presents. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ."). So we conclude that Iglesias's allegation that the BIA completely ignored the evidence he presented is a good faith claim of legal error that we can review. *See Kucana*, 2008 WL 2639039, at \*4 (noting that the Board has "an obligation to consider every argument made to it").

### B. The alleged legal error, ignoring evidence, was harmless.

Turning to the merits of Iglesias's claim, the analysis section of the BIA's decision states in its entirety:

> In its opposition, the DHS provides that the respondent has failed to submit sufficient evidence to indicate a strong likelihood that his marriage is bona fide. In

> particular, the DHS argues that the respondent has not submitted an affidavit prepared by himself, evidence of a joint insurance policy, copies of joint billing statements, copies of joint bank statements, or copies of joint credit card bills. We agree that the respondent has not presented "clear and convincing" evidence to establish that the marriage is bona fide. Accordingly, the respondent's motion is denied.

While restating the evidentiary deficiencies highlighted by DHS, the BIA's decision neglects to even mention any of the substantial evidence that Iglesias produced, which included a marriage certificate and wedding pictures; documents relating to Iglesias's I-130 petition; a cursory letter from a personal banker indicating that Iglesias shared an account with Marie; Illinois drivers' licenses and ID cards for both Iglesias and Marie listing the same home address; a receipt from the Social Security Administration indicating Marie had applied for a new Social Security card under her married name; and one-page form affidavits from a friend, Marie's mother, and Marie. Had the BIA at least mentioned this evidence, we could have some confidence that these materials had been considered. Unfortunately, the brevity of the decision leaves us with the impression that the BIA committed legal error by completely ignoring this evidence. *Cf. Kucana*, 2008 WL 2639039, at *4 ("Sometimes an opinion addressing one subject . . . while not mentioning another . . . may imply that the latter has been overlooked rather than decided.").

The BIA is saved, however, because most of Iglesias's documentary evidence only goes to show that he is mar-

ried, not that his marriage is bona fide, as required under *Velarde*. *See*, *e.g.*, *Ilic-Lee v. Mukasey*, 507 F.3d 1044, 1051 (6th Cir. 2007) (rental agreement, cable and energy bills, a joint bank statement, and an affidavit from a petitioner's spouse constituted "minimal and insufficient" evidence that, "while at best . . . might demonstrate a legal marriage," does not suggest a bona fide one); *Malhi v. INS*, 336 F.3d 989, 994 (9th Cir. 2003) ("[T]o qualify for the bona fide marriage exemption, an applicant must offer evidence that is probative of the motivation for marriage, not just the bare fact of getting married."). And although Iglesias submitted a brief letter from his personal banker, the BIA would have been within its discretion in concluding that this evidence was not enough to show that the couple is financially hitched. *See* 8 C.F.R. § 204.2(a)(1)(3)(iii)(B) (providing non-exclusive examples of documents a petitioner may submit to show a marriage is bona fide, including "documentation showing commingling of financial resources").

Moreover, the single-page affidavits that Iglesias presented contained very little information from which to conclude that the marriage is bona fide. For example, there is only one line in the friend's affidavit that could support a finding that the marriage is bona fide: "That they [Iglesias and Marie] are a happily married couple who spend all their time together and that their families approved of the marriage." This line was not written by the friend but is part of the form affidavit (and is common to all three affidavits here). The BIA would have been within its discretion in concluding that the affidavit was not "clear and convincing" evidence that the marriage is

bona fide. *Cf. Fu Xing Yu v. Gonzales*, 213 Fed. Appx. 72, 74 (2d Cir. 2007) (unpublished) ("The BIA was reasonable in its determination that [a petitioner's] and her husband's mere attestations in their affidavits that their marriage was bona fide were insufficient to show, by clear and convincing evidence, the bona fide nature of their marriage."); *see also* 8 C.F.R. § 204.2(a)(1)(3)(iii)(B) ("The affidavit must contain complete information and details explaining how the person acquired his or her knowledge of the marriage.").

Had Iglesias's evidence been more persuasive, we might have needed to remand to ensure that the BIA had considered this evidence in its decision. But because the BIA could have reasonably concluded that Iglesias's evidence was not "clear and convincing" proof of a bona fide marriage, we need not remand because the alleged legal error was harmless. *See Tariq v. Keisler*, 505 F.3d 650, 657 (7th Cir. 2007).

## III.  CONCLUSION

The petition for review is DENIED.