SUMMARY ORDER

Petitioner Qiu Yu Jiang, a native and citizen of the People’s Republic of China, seeks review of a July 14, 2008 order of the BIA denying her motion to reopen. In re Qiu Yu Jiang, No. A077 653 312 (B.I.A. July 14, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
There is no dispute that Jiang’s motion to reopen was untimely where it was filed almost two years after the BIA entered a final order of removal in her proceedings. See 8 C.F.R. § 1003.2(c)(2). As the government argues, Jiang failed to exhaust before the BIA her argument that a corrected translation of the 2001 Fujian Province Population and Family Planning Law (“2001 Law”) constituted evidence of material changed country conditions excusing the time limitation for filing her motion to reopen. See 8 C.F.R. § 1003.2(c)(3)(h) (providing that there is no time limit for filing a motion to reopen if it is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing”). Rather, before the BIA, Jiang argued that the correct translations demonstrated her prima facie eligibility for relief. Accordingly, we decline to consider Jiang’s unexhausted argument that she demonstrated changed country conditions excusing the time limitation for filing her motion to reopen. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104,119-20 (2d Cir.2007). Thus, we conclude that the BIA did not abuse its discretion in denying Jiang’s motion to reopen as untimely. See 8 C.F.R. § 1003.2(c)(2).
We also find no merit in Jiang’s argument that the BIA violated her due pro *315 cess rights. Indeed, Jiang has no due process right in seeking a discretionary-grant of a motion to reopen. Cf. Yuen Jin v. Mukasey, 538 F.3d 143, 156-57 (2d Cir. 2008) (holding that “an alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum”); see also Gomez-Palacios v. Holder, 560 F.3d 354, 361 n. 2 (5th Cir.2009); Iglesias v. Mukasey, 540 F.3d 528, 531 (7th Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).