SUMMARY ORDER

Petitioner Qiao Juan Liu, a native and citizen of the People’s Republic of China, seeks review of: (1) the October 4, 2007 order of the BIA denying her first motion to reopen; and (2) the July 16, 2008 order of the BIA denying her second motion to reopen. In re Qiao Juan Liu, No. A096 266 626 (B.I.A. Oct. 4, 2007); In re Qiao Juan Liu, No. A096 266 626 (B.I.A. July 16, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). There is no dispute that Liu’s December 2006 and March 2008 motions to reopen were untimely. See 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered). There is no time limitation for filing a motion to reopen, however, if it is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(h).
Since Liu failed to proffer material, previously unavailable evidence in support of her first motion to reopen, the BIA did not abuse its discretion in denying it. See 8 C.F.R. § 1003.2(c)(1); see also INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Similarly, the BIA did not err in finding that she failed to demonstrate changed country conditions excusing the time limitation for filing her second motion to reopen, Liu having failed to submit any supporting evidence. See Abudu, 485 U.S. at 104-05, 108 S.Ct. 904. The translation errors, which Liu argues constitute the functional equivalent of changed country conditions, would not ma *37 terially alter the meaning of the country conditions evidence by demonstrating a risk of forced sterilization.
Nor did the BIA violate Liu’s due process rights. Liu has no due process right in seeking a discretionary grant of a motion to reopen. Cf. Yuen Jin v. Mukasey, 538 F.3d 143, 156-57 (2d Cir.2008) (holding that “an alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum”); see also Gomez-Palacios v. Holder, 560 F.3d 354, 361 n. 2 (5th Cir.2009); Iglesias v. Mukasey, 540 F.3d 528, 531 (7th Cir.2008). Liu has remained in this country illegally for over eleven years. In that time she has filed, and had adjudicated, an asylum application and two motions to reopen. She has received ample process. See Yuen Jin, 538 F.3d at 157; see also Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir.2006).
For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).