SUMMARY ORDER

Petitioner Xidi Sun, a native and citizen of the People’s Republic of China, seeks review of an August 1, 2008 order of the BIA denying his motion to reopen. In re Xidi Sun, No. A073 580 927 (B.I.A. Aug. 1, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). Sun’s motion to reopen was his fourth such motion and was filed more than ten years after the agency issued a final order of deportation in August 1997. As such, it was untimely and number barred. See 8 C.F.R. § 1003.2(c)(2).
There are no time and numerical limitations for filing a motion to reopen, however, if it is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(ii). Sun argues that the BIA abused its discretion in finding that his “corrected” translation of the 2001 Fujian Province Population and Family Planning Law (“2001 Law”) did not establish changed country conditions. The alleged translation errors, however, were not so materially different from Sun’s own translation as to have altered the meaning of the 2001 law. Therefore, the BIA did not abuse its discretion in concluding that Sun’s proffered translation of the law did not demonstrate material changed country conditions excusing the time and numerical limitations applicable to Sun’s motion. See 8 C.F.R. § 1003.2(c)(3)(H); see also INS v. Abudu, 485 U.S. 94, 104-05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
We also conclude that the BIA did not violate Sun’s due process rights. Sun has no due process right in seeking a discretionary grant of a motion to reopen. Cf. Yuen Jin v. Mukasey, 538 F.3d 143, 156-57 (2d Cir.2008) (holding that “an alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum”); see also Gomez-Palacios v. Holder, 560 F.3d 354, 361 n. 2 (5th Cir.2009); Iglesias v. Mukasey, 540 F.3d 528, 531 (7th Cir.2008). Sun has remained in this country illegally for over thirteen years. In that time he has filed, and had adjudicated, an asylum application, four motions to reopen, and a motion to reconsider. He has received ample process. See Yuen Jin, 538 F.3d at 157; see also Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).