JIAN XIN CHEN, Sai Ying Chen, Petitioners,

v.

Eric H. HOLDER Jr.,[1] United States Attorney General, Respondent.

No. 08–4192–ag.

United States Court of Appeals, Second Circuit.

Sept. 4, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Theodore N. Cox, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Julie M. Iversen, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: WILFRED FEINBERG, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioners Jian Xin Chen and Sai Ying Chen, natives and citizens of the People's Republic of China, seek review of a July 31, 2008 order of the BIA denying Jian Xin Chen's motion to reopen.[2] *In re Jian Xin Chen*, No. A095 381 258 (B.I.A. Jul. 31, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). There is no dispute that Chen's motion to reopen was untimely and number-barred where that motion was his third such motion and was filed almost five years after the agency issued a final order of removal in July 2004. *See* 8 C.F.R. § 1003.2(c)(2).

There are no time and numerical limitations for filing a motion to reopen, howev-er, if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not abuse its discretion in concluding that the petitioner did not demonstrate material changed country conditions excusing the time and numerical limitations applicable to Chen's motion. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Chen argues that in denying his motion, the BIA violated his due process rights. However, Chen has no due process right to seek a discretionary grant of a motion to reopen. *Cf. Yuen Jin v. Mukasey*, 538 F.3d 143, 156–57 (2d Cir.2008) (holding that "an alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum"); *see also Gomez–Palacios v. Holder*, 560 F.3d 354, 361 n. 2 (5th Cir.2009); *Iglesias v. Mukasey*, 540 F.3d 528, 531 (7th Cir.2008). Chen has remained in this country illegally for over fourteen years. In that time he has filed, and had adjudicated, an asylum application and three motions to reopen. He has received ample process. *See Yuen Jin*, 538 F.3d at 157; *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for

---

**2.** In its decision, the BIA noted that while Sai Ying Chen had been a "rider" in its previous decisions, the motion in question was filed only on behalf of Jian Xin Chen. Both Sai Ying Chen and Jian Xin Chen petition this Court for review. While arguably Sai Ying Chen lacks standing to seek review of the BIA's July 2008 order, we leave to the agency the determination of how our denial of this petition for review will affect Sai Ying Chen's status.

a stay of removal in this petition is DIS-MISSED as moot.