SUMMARY ORDER

Petitioner Hung Liang Lin, a native and citizen of the People’s Republic of China, seeks review of: (1) the May 5, 2008 order of the BIA denying his second motion to reopen; and (2) the November 17, 2008 order of the BIA denying his third motion to reopen. In re Hung Liang Lin, No. A072 483 889 (B.I.A. May 5, 2008); In re Hung Liang Lin, No. A072 483 889 (B.I.A. Nov. 17, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). There is no dispute that Lin’s second and third motions to reopen were untimely and number-barred. See 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered). However, there are no time and number limitations for filing a motion to reopen where the motion is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(e)(3)(ii).
The BIA did not abuse its discretion in denying Lin’s second and third motions to reopen where it reasonably *607 found that he failed to proffer material evidence that would have established his prima facie eligibility for relief. See 8 C.F.R. § 1003.2(c)(1); see also Poradisova v. Gonzales, 420 F.3d 70, 78 (2d Cir.2005). Further, we note that the translation errors, which Lin argues constituted the functional equivalent of changed country conditions, would not materially alter the meaning of the country-conditions evidence by demonstrating a risk of forced sterilization.
With respect to Lin’s due process argument, Lin has no due process right in seeking a discretionary grant of a motion to reopen. Cf. Yuen Jin v. Mukasey, 538 F.3d 143, 157 (2d Cir.2008) (holding that “an alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum”); see Gomez-Palacios v. Holder, 560 F.3d 354, 361 n. 2 (5th Cir.2009); Iglesias v. Mukasey, 540 F.3d 528, 531 (7th Cir.2008). Lin has remained in this country illegally for over sixteen years—eleven of those after his final order of removal. In that time he has filed, and has had adjudicated, an asylum application and three motions to reopen. He has received ample process. See Yuen Jin, 538 F.3d at 157; see also Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir.2006).
Additionally, contrary to Lin’s argument, the BIA did not err in declining to reopen his removal proceedings based on his eligibility for adjustment of status because that eligibility would not excuse the untimely filing of his motion to reopen. See 8 C.F.R. § 1003.2(c)(3).
Finally, the BIA also properly determined that Lin was not eligible to file a successive asylum application based solely on his changed personal circumstances. See Yuen Jin, 538 F.3d at 156; Matter of C-W-L, 24 I. & N. Dec. 346 (B.I.A.2007).
For the foregoing reasons, Lin’s petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).