NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 26, 2013
Decided February 11, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-2833

| | |
|---|---|
| JAMAL AMIN GHANAYEM, <br> *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| v. | No. A 17 776 106 |
| ERIC H. HOLDER, JR., <br> Attorney General of the United States, <br> *Respondent*. | |

**O R D E R**

Jamal Ghanayem petitions for review from the denial of his requests for withholding of removal and protection under the Convention Against Torture ("CAT"). Because he has prior controlled substance convictions, we can review his petition only if it raises a constitutional claim or a question of law. Ghanayem argues that the immigration judge and Board of Immigration Appeals committed legal error by ignoring and misconstruing arguments he raised at his deportation hearing. We disagree, as we conclude that the

immigration judge considered the arguments at issue. As a result, there is no question of law for us to review, and we lack jurisdiction to consider Ghanayem's petition.

## I. BACKGROUND

Jamal Amin Ghanayem was born in Ramallah in 1959, during the time that the city was under the control of Jordan, and he lived there until 1967. Ghanayem did not acquire Jordanian citizenship by virtue of his birth. Israel gained control of Ramallah in 1967 as a result of the Six-Day War. Today, Ramallah is within the West Bank, and Ghanayem is considered a stateless Palestinian.

Ghanayem and his family were admitted to the United States as lawful permanent residents in December 1967. Ghanayem has not left the United States since then. He married a United States citizen in 1987 and had five children, although he did not acquire American citizenship himself. Ghanayem and his wife divorced in 1997 but began living together again two years later. He is Catholic and supports himself through rental income from two multi-unit properties he owns.

Ghanayem has a history of drug use and arrests. A 1982 conviction for possession and delivery of a controlled substance led the former Immigration and Naturalization Service to place him in deportation proceedings. An immigration judge granted him a waiver of deportation, though, and he retained his lawful permanent residency status. Following the grant of that waiver, Ghanayem was convicted in state court of unlawful use of a weapon in 1994, possession of a controlled substance in1997, and unlawful use or possession of a weapon by a felon in 2006.

The Department of Homeland Security commenced deportation proceedings against Ghanayem in August 2006, charging him with removability under 8 U.S.C. § 1227(a)(2)(B)(i) as an alien convicted of an offense relating to a controlled substance. Ghanayem conceded removability but applied for withholding of removal and protection under the Convention Against Torture ("CAT"). At his hearing, Ghanayem stated his belief that if he were removed to the West Bank, Israelis might persecute him because he is Palestinian. He also testified that he feared persecution on account of his Catholic faith. He recounted that his siblings had visited the West Bank and chose not to wear visible crosses for fear of provoking a confrontation with persons of Muslim faith, but he also acknowledged that his family members had not encountered any problems during their visits on account of their religion. Ghanayem also testified that he viewed himself as

American and worried he might be persecuted on that account, or in combination with other factors.

The immigration judge issued an eleven-page written decision concluding that Ghanayem failed to meet his burden of proving a clear probability of persecution as required to obtain withholding of removal. The immigration judge also denied CAT relief, finding that Ghanayem failed to meet the heavy burden of showing he would more likely than not be tortured if removed to Israel. Ghanayem appealed to the Board of Immigration Appeals ("BIA"), which adopted and affirmed the decision of the immigration judge. Ghanayem now petitions our court for review.

## II. ANALYSIS

Ghanayem maintains that the immigration judge committed legal error by failing to address properly two arguments raised at his removal hearing. Because the BIA adopted the immigration judge's decision and rationale, we review the immigration judge's decision. *Rodriguez Galicia v. Gonzales*, 422 F.3d 529, 533-36 (7th Cir. 2005).

The Immigration and Nationality Act ("INA") generally precludes our review of removal orders where the petitioner has been convicted after admission of an offense "relating to a controlled substance offense," other than a single conviction for possession of a small amount of marijuana. 8 U.S.C. § 1252(a)(2)(C). When the bar in 8 U.S.C. § 1252(a)(2)(C) applies, the INA prohibits us from reviewing the immigration judge's factual determinations. *Kiorkis v. Holder*, 634 F.3d 924, 927-28 (7th Cir. 2011). We retain jurisdiction, however, to review colorable constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D); *Hamid v. Gonzales*, 417 F.3d 642, 647 (7th Cir. 2005). Ghanayem has multiple controlled substance offenses, so we only have jurisdiction to review his petition if he raises a constitutional claim or a question of law.

"Legal questions include 'challenges to the BIA's interpretation of a statute, regulation, or constitutional provision, claims that the BIA misread its own precedent or applied the wrong legal standard, or claims that the BIA failed to exercise any discretion at all.'" *Ward v. Holder*, 632 F.3d 395, 397 (7th Cir. 2011) (quoting *Patel v. Holder*, 563 F.3d 565, 568 (7th Cir. 2009)). A claim that the agency completely ignored evidence put forth by a petitioner also constitutes a claim of legal error that we can review. *Iglesias v. Mukasey*, 540 F.3d 528, 530-31 (7th Cir. 2008). Complete failure by the immigration judge and BIA to address arguments raised by Ghanayem at his hearing would therefore constitute reviewable legal error that we would have jurisdiction to review.

While an immigration judge commits legal error by ignoring a potentially dispositive issue raised by the petitioner, *Iglesias*, 540 F.3d at 530-531, the judge is not required to "write an exegesis on every contention," *Kebe v. Gonzales*, 473 F.3d 855, 857 (7th Cir. 2007). Rather, the judge must only "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id*.

Ghanayem argues that the immigration judge committed legal error by misconstruing his claim that he would be subject to persecution by the Palestinian Authority or Muslim extremists based on an imputed political opinion that he was an Israeli collaborator or spy. *Cf. Hadan v. Mukasey*, 528 F.3d 986, 992 (7th Cir. 2008) (finding reviewable legal error when agency improperly based its decision on a petitioner's political neutrality when the petitioner's argument was that he would be persecuted based on imputed political opinion). Ghanayem maintains that the immigration judge incorrectly understood him to claim that he feared persecution on account of his membership in a social group comprised of "returnees from the United States," while he asserts that his argument is that he feared persecution as someone to whom the Palestinian Authority or Islamic militants might impute a pro-Israel political opinion.

The immigration judge did not fail to consider Ghanayem's claim. The immigration judge's opinion described Ghanayem's fear as that

> the [Palestinian Authority] as well as the residents of the West Bank will view him with great suspicion as a returnee from the United States and thus harm him. While [Ghanayem] did not fully develop this fear of return, it might be construed as a fear of being perceived as pro-Israel or a Western spy following so many years of residence in the United States. However, the respondent did not develop or flesh out this aspect of his claim and he thus failed to meet his burden. Nonetheless, the country reports do not indicate that returnees from the United States are generally subjected to mistreatment by the PA or fellow Palestinians as perceived Israeli collaborators or spies.

The judge further stated that Ghanayem "failed to provide sufficient evidence that Palestinians from the United States are likely to be persecuted *on account of an imputed political opinion (viewed as U.S. or Israeli collaborator or spy)* or membership in a particular social group." (emphasis added). So the immigration judge considered the argument Ghanayem complains of now.

Ghanayem also argues that his petition presents a question of law on the basis that the immigration judge failed to address whether he had shown a pattern or practice of persecution by the Palestinian Authority and Muslim extremists against those perceived to be Israeli sympathizers. This claim fails because the immigration judge addressed this argument too. As we noted, the immigration judge stated in her decision that "while [Ghanayem] did not fully develop this basis for his fear of return, it might be construed as a fear of being perceived as pro-Israel or a Western spy." The immigration judge then stated that after consideration of Country Reports submitted by Ghanayem in support for this claim, she concluded that these reports did not indicate that returnees from the United States to the West Bank are generally mistreated because they are perceived to be Israeli collaborators or spies. The immigration judge further concluded that Ghanayem "failed to show that persons in his position are likely to be subjected to a pattern or practice of persecution either in Israel or the Occupied Territories." Therefore, the judge did not overlook Ghanayem's pattern or practice claim.

Ghanayem has not raised a question of law that we can review. To the extent Ghanayem disagrees with the factual determinations and rulings on the sufficiency of the evidence in support of his claims, we lack jurisdiction to review them. *See Kiorkis*, 624 F.3d 924, 927-28 (7th Cir. 2011). As a result, we lack jurisdiction to consider Ghanayem's petition for review.

### III. CONCLUSION

The petition for review is DISMISSED.