SYKES, Circuit Judge,
concurring in the judgment.
Deng Arej, a citizen of Sudan, was admitted to this country as a refugee in 2005 and thereafter committed multiple violent crimes in the State of Kentucky. Between December 2010 and May 2013, he was charged and convicted of these crimes in several separate state-court proceedings and was sentenced to serve short concur *668 rent prison terms. The Department of Homeland Security thereafter initiated proceedings to remove him from this country. His serious criminal conduct made him removable on several grounds. See 8 U.S.C. § 1227(a)(2)(A)(ii) (making aliens removable for committing a crime of moral turpitude); id. § 1227(a)(2)(E)® (making aliens removable for committing a crime of domestic violence); id. § 1227(a)(2)(A)(iii) (making aliens removable for committing an aggravated felony).
During the removal proceedings, Arej declined the opportunity to apply for asylum, withholding of removal, or deferral of removal under the Convention Against Torture. On April 23, 2014, an immigration judge ordered him removed to Sudan. Arej waived his right to appeal the removal order to the Board of Immigration Appeals (“BIA” or “the Board”).
On January 9, 2015 — more than eight months later — Arej moved to reopen the removal proceedings, saying that he now wished to apply for asylum “in the interest of justice and humanitarian concerns.” A motion to reopen must be filed within 90 days of the entry of the order of removal, id. § 1229a(c)(7)(C)(i), so his motion was untimely by more than five months. An exception to the time bar exists if the alien can demonstrate that conditions in the country to which he has been ordered removed have materially changed since the removal order was entered. Id. § 1229a(e)(7)(C)(ii). Arej submitted no evidence and otherwise made no effort to fit his case within this exception, so the immigration judge denied the motion as untimely-
Arej appealed to the BIA and this time submitted documentary evidence in an effort to show a material change in country conditions in the Sudan and South Sudan. The Board rejected his argument and dismissed the appeal. Its dismissal order refers in general terms to the “numerous documents” Arej submitted on appeal and summarily concludes that this “additional evidence” failed to establish that conditions “materially changed in Sudan or South Sudan” since the removal order was entered. The Board also concluded “upon consideration of the totality of the record” that sua sponte reopening was unwarranted.
Arej petitioned for review, but our jurisdiction is severely limited by his status as a criminal alien; we do not have authority to review the BIA’s decision for abuse of discretion. More specifically, the Immigration and Nationality Act (“INA”) provides that “no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in ... section 1227.” Id. § 1252(a)(2)(C). Without jurisdiction to review the underlying removal order, we also lack jurisdiction to review the denial of a motion to reopen that order. Cruz-Mayaho v. Holder, 698 F.3d 574, 577 (7th Cir. 2012). But the INA preserves our jurisdiction to review questions of law and constitutional claims. 8 U.S.C. § 1252(a)(2)(D). Accordingly, we lack jurisdiction to review how the BIA evaluated and weighed Arej’s evidence or to test its decision for abuse of discretion; we may review its decision only for errors of law and constitutional infirmities.
My colleagues address jurisdiction only fleetingly, though they do cite § 1252(a)(2)(D) and Iglesias v. Mukasey, 540 F.3d 528 (7th Cir. 2008). Iglesias holds that when an alien asserts that the BIA “completely ignored the evidence he presented,” he has raised “a good faith claim of legal error” that counts as “a question of law” under § 1252(a)(2)(D). Id. at 531. Relying on Iglegias, my colleagues conclude that the Board ignored Arej’s evi *669 dence. Majority Op. at p. 667. That’s incorrect.
The dismissal order is admittedly a brief summary disposition, but it’s clear that the Board was aware of the additional evidence Arej submitted on appeal. The Board acknowledged in general terms that Arej submitted “numerous documents” on appeal and ruled that this “additional evidence” is insufficient to show changed country conditions. The order also specifically states that the Board considered the “totality of the record” in declining to reopen sua sponte. That’s more than the BIA said in Iglesias; the order denying reopening in that case contained not a word about the alien’s evidence. 540 F.3d at 531-32.
Still, other language in Iglesias suggests that Arej has indeed raised a colorable claim of legal error, though it’s very narrow. Our opinion in Iglesias listed in summary fashion the key items of evidence the petitioner had presented to the BIA in his appeal. Id. at 532. We then say this: “Had the BIA at least mentioned this evidence, we could have some confidence that these materials had been considered. Unfortunately, the brevity of the decision leaves us with the impression that the BIA committed legal error....” Id. at 532. This suggests to me that it’s a legal error under Iglesias for the Board to deny a motion to reopen with a generic assurance that it has considered the “totality of the record,” as it did here. We have limited jurisdiction to correct that legal error, but not to look for factual errors or an abuse of discretion.
In Iglesias we ultimately denied the alien’s petition for review, finding the legal error harmless. 540 F.3d at 532-33. The government has not raised harmless error here, so that argument is waived.
Accordingly, I agree with the court’s decision to vacate the BIA’s order and remand for further proceedings, but I arrive at that conclusion on narrower grounds. I respectfully concur in the judgment only.