NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 25, 2017
Decided June 27, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3516

| | |
|---|---|
| FREDY HERNANDEZ-ALVAREZ,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
|     *v.* | No. A205-281-574 |
| JEFFERSON B. SESSIONS III,<br>Attorney General of the United States,<br>    *Respondent*. | |

**ORDER**

Fredy Hernandez-Alvarez petitions for review of the denial of his application to cancel his removal to Mexico. He has two children who are U.S. citizens. He contends they would suffer "exceptional and extremely unusual hardship" if he were removed. See 8 U.S.C. § 1229b(b)(1)(D). An immigration judge and then the Board of Immigration Appeals concluded that he did not show such hardship. He challenges this conclusion and contends that the immigration judge violated his due process rights at his hearing by repeatedly interrupting his testimony. We lack jurisdiction to review the § 1229b(b)(1)

challenge, so the petition is dismissed in part. We deny the remainder of the petition because the judge did not deny Hernandez-Alvarez due process of law in the hearing.

Hernandez-Alvarez is 42 years old, unmarried, and a citizen of Mexico. He says that he entered the United States illegally in 1997. Two years later he was convicted of battery for striking his girlfriend. The next year he began living with a different girlfriend who gave birth to his two daughters, who are United States citizens. He separated from the girls' mother in 2007 and entered into a custody agreement. Six years later he was convicted of aggravated battery for striking his older daughter in the face.

The Department of Homeland Security issued Hernandez-Alvarez a Notice to Appear charging him as removable on two grounds: being in the United States illegally, see 8 U.S.C. § 1182(a)(6)(A)(i), and, based on the conviction for striking his daughter, for having been convicted of a crime "involving moral turpitude." § 1182(a)(2)(A)(i)(I). At the removal hearing, the immigration judge sustained the charge of removability based on Hernandez-Alvarez's unlawful presence in the United States. The judge deferred ruling on the second charge until the government provided all of his conviction records. At a follow-up hearing, the judge declined to sustain the second charge, finding that Hernandez-Alvarez's conviction for striking his daughter was not a crime involving moral turpitude. (That finding is not an issue before us on this petition.)

With the case still open two years later, Hernandez-Alvarez applied for discretionary cancellation of removal. He asserted that his daughters, by then ages thirteen and eight, would suffer exceptional and extremely unusual hardship if he were removed to Mexico. "Exceptional and extremely unusual hardship" for family members who are United States citizens is one of four requirements that a removable alien must satisfy to be legally eligible for discretionary cancellation of removal. See 8 U.S.C. § 1229b(b)(1). At a hearing before a different judge, Hernandez-Alvarez testified that his daughters lived with their mother. He acknowledged that he was "trying to gain once again the trust of my daughters, especially my older one, because my younger one is still pretty small," but he said that his relationships with his daughters were "very good." He added that he had provided the children's mother with two to three hundred dollars in child support for the past several months. But as a result of a restraining order imposed on him in 2012 for striking his daughter, Hernandez-Alvarez saw his daughters only once a week during supervised visits and talked to them on the telephone once a week.

The immigration judge denied Hernandez-Alvarez's application to cancel removal and ordered that he be removed to Mexico. The judge decided that Hernandez-Alvarez did not meet any of the four requirements for cancellation of removal: (1) at least 10 years of continuous presence the United States; (2) "good moral character" during that time;

(3) no convictions falling under 8 U.S.C. §§ 1182(a)(2), 1227(a)(2), or 1227(a)(3); and (4) "exceptional and extremely unusual hardship" to his children resulting from his removal. See 8 U.S.C. § 1229b(b)(1). Regarding this fourth factor, the judge noted Hernandez-Alvarez's "minimal" child-support payments and the restraining order limiting his contact with his children. The judge misspoke, however, when he said that Hernandez-Alvarez's visits with his daughters were "monthly" rather than weekly.

On appeal, the Board of Immigration Appeals upheld the judge's decision. The Board agreed with the judge that Hernandez-Alvarez did not establish that his removal would cause his daughters hardship sufficient for him to qualify for cancellation of removal. The record, the Board said, was "devoid of evidence" that the girls' mother needed his child-support payments or that he could not "obtain work in Mexico in order to help financially provide for his children." The judge's error regarding the frequency of his visits with his children was deemed harmless. Because Hernandez-Alvarez did not show sufficient hardship posed by his removal, the Board declined to address the other three requirements under § 1229b(b)(1). The Board also rejected Hernandez-Alvarez's contention that the judge's questions and interruptions denied him a fair hearing. The Board pointed out that the questions related to his eligibility for cancellation of removal and that Hernandez-Alvarez did not identify any evidence that the judge prevented him from introducing.

In his petition for judicial review, Hernandez-Alvarez contests the Board's denial of his application for cancellation of removal. As a general rule, however, we lack jurisdiction to review the Board's discretionary determination that an alien did not show that his removal would cause family members exceptional and extremely unusual hardship. 8 U.S.C. § 1252(a)(2)(B)(i); *Perez-Fuentes v. Lynch*, 842 F.3d 506, 510 (7th Cir. 2016).

Hernandez-Alvarez makes two arguments to support jurisdiction. First, he argues that we have jurisdiction to consider arguments about statutory interpretation, which includes his challenge to the manner in which the judge and the Board assessed his continuous physical presence in the United States. That argument does not establish jurisdiction before this court. The Board, whose decision we review, see *Chun Sui Yuan v. Lynch*, 827 F.3d 648, 653 (7th Cir. 2016), *Krasilych v. Holder*, 583 F.3d 962, 966 (7th Cir. 2009), never evaluated his continuous physical presence in the United States. It determined only that he did not make a sufficient showing of hardship.

Second, Hernandez-Alvarez asserts that we have jurisdiction to consider a claim that the Board ignored relevant evidence, which is a claim of legal error over which we may exercise jurisdiction. See, e.g., *Delgado-Arteaga v. Sessions*, 852 F.3d 635, 642 (7th Cir.

2017); *Perez-Fuente*, 842 F.3d at 512; *Champion v. Holder*, 626 F.3d 952, 956 (7th Cir. 2010); *Iglesias v. Mukasey*, 540 F.3d 528, 531 (7th Cir. 2008). Such arguments can easily metamorphose, however, so that they fall outside our jurisdiction by challenging *how* the Board or judge considered evidence, not whether they considered it. In this case, Hernandez-Alvarez has not identified any evidence that the Board actually ignored. He thus has not raised any colorable legal or constitutional arguments about his statutory eligibility for cancellation of removal that we can consider. We must dismiss that portion of his petition for lack of jurisdiction.

Next, Hernandez-Alvarez argues that the judge violated his due process rights by "improperly assum[ing] the role of counsel for the Government." He asserts that the judge had a "negative attitude" toward his case, "frequently interrupted" his lawyer, and "took over entire lines of questioning." The judge, he adds, prejudged the case.[1]

This due process challenge raises a constitutional claim that confers jurisdiction over this part of the petition. See 8 U.S.C. § 1252(a)(2)(D), *Kuschchak v. Ashcroft*, 366 F.3d 597, 602 (7th Cir. 2004). On the merits, however, the Board did not err by deciding that the judge gave Hernandez-Alvarez a fair hearing.

An immigration judge has the authority to "interrogate, examine, and cross-examine" a petitioner and any other witnesses. 8 U.S.C. § 1229a(b)(1). Immigration judges carry heavy caseloads and do not have time to waste. Like an appellate court, a trial judge in a bench trial can raise questions and try to focus the presentations to the court based on the judge's understanding of the facts and law. Such efforts do not show that the judge has abandoned an impartial and neutral stance or has prejudged the case. See *Barragan-Ojeda v. Sessions*, 853 F.3d 374, 381–82 (7th Cir. 2017) ("When the IJ does not demonstrate 'impatience, hostility, or a predisposition against' an alien's claim, and where the questions assisted in the development of the record on relevant points, the mere fact that the IJ elicited testimony is not inappropriate and certainly does not raise due process concerns."); *Kharkhan v. Ashcroft*, 336 F.3d 601, 606 (7th Cir. 2003). On the other hand, as

---

[1] Hernandez-Alvarez relies on the following statement by the judge: "Well, Mr. Metcalf [Hernandez-Alvarez's attorney], I don't see any point in continuing on with the respondent's case. I just don't see him eligible for cancellation of removal. I mean, you can continue the questioning, but one, you know, the records show that he has the '99 conviction for domestic battery causing bodily injury; the Seventh Circuit has found that to be a crime of violence, and so he would be precluded from cancellation of removal eligibility statutorily. Secondly, he has a 2013 for domestic battery or aggravated battery, and he served approximately 150 days in jail. In addition, it's only recently that the respondent by court order has been reestablishing a relationship with his children. So this case doesn't even come close to being eligible for cancellation of removal. So do you want to ask some other questions concerning those topics, good moral character?"

we explained in *Barragan-Ojeda*, that authority can be misused. We will order new hearings where judges have been hostile or abusive or have prevented rather than facilitated presentation of an alien's case. 853 F.3d at 381, citing *Rodriguez Galicia v. Gonzales*, 422 F.3d 529, 539 (7th Cir. 2005); *Podio v. I.N.S.*, 153 F.3d 506, 510 (7th Cir. 1998).

In this case, the judge posed appropriate questions that probed Hernandez-Alvarez's statutory eligibility for relief. At the key hearing, both lawyers were new to the case. The judge was already familiar with the relevant circumstances, which did not need to be repeated. The judge's questions about the extent of the hardship the children would suffer if Hernandez-Alvarez were removed, the nature of his past criminal convictions, and his physical presence in the United States were right on target. They framed the challenge for Hernandez-Alvarez and his lawyer, and the judge invited them to present additional evidence.

The process was similar to an appellate argument when a judge explains his or her understanding of the difficulties the lawyer's client faces and invites response. Hernandez-Alvarez has not identified any evidence that the judge prevented him from introducing, and his brief overlooks several opportunities the judge gave him to testify as he pleased. See *Perez-Fuentes*, 842 F.3d at 511 (explaining that a petitioner does "not have a meaningful opportunity to be heard" when relevant evidence has been wrongly excluded). We also reject the argument that the judge prejudged the case. In the passage quoted in the footnote above, the judge reacted to the facts and evidence, identified the obvious and serious problems with Hernandez-Alvarez's application for cancellation of removal, and invited him to address them. That's what a judge is supposed to do. Accordingly, the portion of the petition for judicial review that is not barred by 8 U.S.C. § 1252(a)(2)(B)(i) is DENIED.