In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

Nos. 20-3517 & 22-3114

BATO PETROV,

*Petitioner,*

*v.*

TODD W. BLANCHE, Acting Attorney General of the United
States,

*Respondent.*

———————————

Petitions for Review of an
Order of the Board of Immigration Appeals.
No. A020-987-580.

———————————

ARGUED JANUARY 27, 2026 — DECIDED APRIL 14, 2026

———————————

Before RIPPLE, SCUDDER, and KIRSCH, *Circuit Judges.*

SCUDDER, *Circuit Judge.* Bato Petrov is a stateless native of
Germany who sought cancellation of removal under 8 U.S.C.
§ 1229b(b)(1), contending that his removal will cause excep-
tional and extremely unusual hardship to his United States
citizen relatives. An immigration judge concluded that Pe-
trov's evidence fell short of this demanding standard and de-
nied his application. The Board of Immigration Appeals

affirmed and then denied Petrov's subsequent motion to reopen the removal proceedings. Petrov now seeks relief in our court. Seeing no errors, we deny his petitions for review.

# I

Petrov was born in Germany but identifies as a stateless gypsy. In 1974, at about the age of one, he illegally entered the United States and has lived here ever since. Petrov has been with Helen Owens, a United States citizen, since the 1990s, and the couple married in 2013. They live in Chicago with their three children, all United States citizens. Petrov's parents also live in Chicago, and his father is a United States citizen.

In January 2014, Petrov filed an application for asylum, which the United States Citizenship and Immigration Services denied. Later in 2014, the Department of Homeland Security served Petrov with a Notice to Appear and initiated removal proceedings against him under 8 U.S.C. § 1182(a)(6)(A)(i) for having entered the United States without admission or parole. Petrov conceded removability, and the agency designated Germany as his county of removal.

Petrov then sought cancellation of removal under § 1229b(b). A hearing followed before an immigration judge, and Petrov and his wife both testified. They explained that Petrov was the sole breadwinner for his household, that his family was particularly close, and that he feared European racism against gypsies. The immigration judge denied Petrov's application, and the Board of Immigration Appeals agreed, largely adopting the immigration judge's decision.

In March 2021, Petrov asked the Board to reopen his application, supplemented by additional evidence. For the first time, he introduced evidence that his wife suffers from

anxiety, depression, and post-traumatic stress disorder. He also informed the Board that she endured a miscarriage in June 2018. Petrov submitted further evidence that two of his children and his father have medical conditions. Finally, he included articles reporting the lack of economic opportunity in Germany and ongoing bias there against gypsies.

The Board denied Petrov's motion to reopen. It concluded that some of his additional evidence existed and was available prior to the immigration judge's initial hardship decision. Further, the Board found that the additional evidence, whether considered individually or cumulatively with the existing record evidence, did not demonstrate prima facie eligibility for cancellation of removal under the hardship standard.

Petrov now petitions for our review.

## II

### A

To qualify for cancellation of removal, a non-citizen bears the burden to show that his removal would result in "exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1)(D).

We have jurisdiction to review the agency's exceptional-and-extremely-unusual-hardship determination because it is a mixed question of law and fact. See 8 U.S.C. § 1252(a)(2)(D); *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024) (clarifying that this question falls within the scope of federal court review under § 1252). Our court has not yet specified the precise standard of review applicable to the agency's hardship determination. See *Santos Mendoza v. Bondi*, 151 F.4th 900, 905 (7th Cir.

2025). Other circuits suggest the standard is either substantial evidence or clear error review. See *id.* (surveying case law and ruling out de novo review). We need not resolve this question here. Whether we review the hardship determination for clear error or substantial evidence, we see no ground for relief.

"Because the Board adopted the immigration judge's decision but provided [minimal] additional reasoning, we review the judge's decision as supplemented by the Board." *Perez-Perez v. Wilkinson*, 988 F.3d 371, 374 (7th Cir. 2021). To be eligible for cancellation of removal under § 1229b(b)(1), Petrov "had to show that his removal would cause hardship that is substantially different from, or beyond, that which would be normally expected from the deportation of an alien with close family members in the United States." *Santos Mendoza*, 151 F.4th at 906 (cleaned up). The inquiry considers "the ages, health, and circumstances" of Petrov's qualifying relatives. *Id.* (cleaned up).

The agency's conclusion that Petrov's family's hardship was not exceptional and extremely unusual passes muster. On Petrov's initial motion, the record before the immigration judge and the Board primarily established that his family was financially dependent on him. But losing the family's main income earner is insufficient alone to establish exceptional and extremely unusual hardship. See *id.*; see also *In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (BIA 2002) (explaining that "economic detriment alone is insufficient to support even a finding of extreme hardship," which is less demanding than "exceptional and extremely unusual hardship").

At the time of his initial motion, Petrov had not submitted evidence of circumstances, like his family's medical conditions, that might have compounded that financial harm.

Indeed, the immigration judge expressly acknowledged the good health of Petrov's family and his daughters' lack of special educational needs. Put simply, on the record before the Board and the immigration judge, Petrov failed to provide evidence that his family would endure harm beyond the normal pain associated with removal cases.

B

This brings us to the Board's denial of Petrov's motion to reopen removal proceedings. We review this decision for abuse of discretion. See *Cruz-Velasco v. Garland*, 58 F.4th 900, 903 (7th Cir. 2023). In this context, our touch is especially light. We grant relief only if the Board's decision "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* (quoting *Victor v. Holder*, 616 F.3d 705, 708 (7th Cir. 2010)). The Board "has discretion to reopen a removal proceeding when the alien presents material evidence that 'was not available and could not have been discovered or presented at the former hearing.'" *Victor*, 616 F.3d at 710 (quoting 8 C.F.R. § 1003.2(c)(1)).

The Board did not abuse its discretion by concluding that Petrov could have discovered much of his motion evidence prior to the immigration judge's initial hardship determination. The records documenting his wife's mental health challenges date to 2011, well before removal proceedings started against Petrov. Although Petrov asserted that his wife's sense of secrecy and shame precluded him from presenting this evidence, he points to no evidentiary support for this explanation. See *Barragan-Ojeda v. Sessions*, 853 F.3d 374, 383 (7th Cir. 2017) (rejecting attorney's otherwise unsupported

explanation that a non-citizen had not previously revealed his sexual orientation before the immigration judge due, in part, to fear). Additionally, Petrov's briefing before us does not explain why he failed to present evidence of his daughter's heart condition to the immigration judge despite the medical records indicating she had the condition as early as 2014.

As to the remaining evidence, the Board did not abuse its discretion by concluding Petrov failed to make out a prima facie case for cancellation of removal. We understand Petrov's important role in supporting his family. And we have deep sympathy for Ms. Owens and recognize how the sorrow of miscarriage may have added to her struggles. The Board, however, considered Petrov's evidence about each of his family members and explained why this evidence, considered individually and as a whole, did not demonstrate unusual hardship. Our standard of review demands no more.

Finally, to the degree that the Board committed error by failing to engage with Petrov's articles about racism and economic conditions in Germany, any error was harmless. See *Iglesias v. Mukasey*, 540 F.3d 528, 530–32 (7th Cir. 2008) (applying harmless error standard). Hardship to Petrov is only relevant insofar as it may affect his qualifying relatives. See *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 64 (BIA 2001). While adverse treatment of Petrov in Europe may cause his family dismay or hamper his ability to contribute financially, these general articles do not establish that the situation facing his family would rise to the high standard of exceptional and extremely unusual hardship.

For these reasons, we DENY the petitions for review.